# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GONZALEZ, | CASE NO. 1:11-cv-01600-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| JOHN DOE, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.  Background**

Plaintiff William Gonzalez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 15, 2011, Plaintiff filed his complaint. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Complaint

Plaintiff is currently incarcerated at California Rehabilitation Center ("CRC") in Norco, California.  Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants John Doe 1, health care manager of PVSP; John Doe 2, Chief Medical Officer of PVSP; John Doe 3, classification and parole representative; John Doe 4, correctional counselor; John Doe 5, primary medical doctor; and Does 6 through 10.

Plaintiff alleges the following.  In 2005, CDCR and the Department of Health Services identified PVSP as being in an endemic area containing Coccidiomycosis ("valley fever").  Compl. ¶ 11.  In 2005, Plaintiff began to suffer symptoms associated with valley fever, namely full body chills, headaches, nausea, exhaustion, and loss of appetite, fever, upper respiratory infection, and shortness of breath. *Id.* ¶ 12.  Plaintiff sought medical treatment from medical staff.  John Doe 5 examined Plaintiff, determined that he suffered from valley fever, and prescribed medications for Plaintiff. *Id.* ¶ 13.  John Doe 5 notified John Doe 1 and John Doe 2, and John Doe 4 was informed that Plaintiff had been diagnosed with valley fever. *Id.* ¶ 14.  The CDCR protocol was immediate transfer out of the endemic area. *Id.*

On August 3, 2006, director John Dovey issued a memorandum regarding inmate patients at high risk of valley fever excluded from specific central valley institutions. *Id.* ¶ 15.  It identified inmates susceptible to valley fever, and who was to be transferred out of the area. *Id.* ¶ 16.  Plaintiff notified Defendant John Doe 5 that his health had deteriorated because of being infected with valley fever. *Id.* ¶ 17.  Defendant John Doe 5 took no actions as required by department policy. *Id.*

Plaintiff advised Defendant John Doe 4 of his valley fever, of receiving medical treatment from John Doe 5, and that continued incarceration at PVSP would be detrimental to his health. *Id.* ¶ 18. Defendant John Doe 4 took no action as required by department policy. *Id.*

Plaintiff notified Defendant John Doe 2 that he was concerned about John Doe 5's failure to comply with departmental policy, and Defendant John Doe 2 failed to act. *Id.* ¶ 19. Defendant John Doe 3 was required to ensure that inmate patients be transferred within thirty days of diagnosis, and knew that Plaintiff was susceptible and undergoing treatment, but did nothing. *Id.* ¶ 20. Defendant Doe 1 received notice from Doe 5 that Plaintiff was being treated for valley fever. *Id.* ¶ 21. Defendant Doe 1 was to review certain criteria as provided in the August 6, 2006 memorandum. However, Defendant Doe 1 took no actions to prevent Plaintiff's injury. *Id.*

Plaintiff contends a violation of the Eighth Amendment, and requests compensatory and punitive damages as relief.

**III.   Analysis**

    **A.   Doe Defendants**

Plaintiff fails to state a claim against Doe Defendants 6 through 10. Plaintiff fails to link these Defendants to any act that caused a violation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 749, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

    **B.   Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate

indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has alleged sufficient facts which demonstrate that contracting valley fever is a serious medical need.  However, Plaintiff fails to allege facts which demonstrate that any Defendants were deliberately indifferent.  Regarding Defendant Doe 5, the primary care doctor, Plaintiff alleges that he received medication for his valley fever.  Thus, Defendant Doe 5 was providing treatment for Plaintiff's valley fever.  A difference of opinion between the physician and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.  *Toguchi*, 391 F.3d at 1058.  What Plaintiff sought was an immediate transfer from PVSP.  However, Plaintiff fails to allege facts which demonstrate that transfer was the only action that Defendant should have taken.  Plaintiff fails to state a claim against Defendant Does 1 through 4 for the same reasons.

Plaintiff is no longer incarcerated at PVSP.  It is unclear when Plaintiff was transferred to CRC.  Thus, Plaintiff appears to have received the treatment that he desired.

### IV.    Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

4

1  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2      If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
3  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
4  constitutional or other federal rights. *Iqbal*, 556 U.S. at 678. Although accepted as true, the
5  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
6  ." *Twombly*, 550 U.S. at 555.

7      Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
8  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
10 pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
11 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
12 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
13 114 F.3d at 1474.

14     Accordingly, based on the foregoing, it is HEREBY ORDERED that:
15     1.    The Clerk's Office shall send Plaintiff a complaint form;
16     2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a
17         first amended complaint within thirty (30) days from the date of service of this
18         order; and
19     3.    If Plaintiff fails to comply with this order, the Court will dismiss this action for
20         failure to obey a court order and failure to state a claim.

21 IT IS SO ORDERED.

22   Dated:   **June 22, 2012**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE